[615 NYS2d 698]

In the Matter of WAYNE K. GABEL (Admitted as WAYNE KEITH GABEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two

allegations of professional misconduct. The Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the Special Referee's findings and to dismiss the charges.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4), by making a false statement under oath and a false representation to the Supreme Court of the State of New York. The respondent represented a client from October 1988 to August 1990 with respect to a matrimonial matter. The client executed a promissory note on or about March 27, 1989. In the course of that note, the client agreed to pay the respondent $1,700 for legal services rendered on his behalf. The promissory note was prepared by the respondent and signed at his request. It provided that in the event of a default in payment, the note would be accelerated and liquidated damages in the sum of $10,000 would be due to the respondent. The client allegedly defaulted in his payments. In or about August 1990 the respondent served a verified summons and complaint wherein he stated that the principal amount of the promissory note being enforced was $10,000, rather than $1,700, with a $10,000 liquidated damage clause.

On or about October 8, 1990, the respondent filed with the Supreme Court, Westchester County, an affidavit of default in which he stated that the defendant had promised to pay him the sum of $10,000, without apprising that court that the $10,000 amount constituted liquidated damages rather than the principal amount owed. The respondent obtained a judgment against the client on or about October 10, 1990, which awarded him, *inter alia,* the principal sum of $10,000.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4), by making a false statement in an answer to a complaint of professional misconduct being investigated by the petitioner. The allegations contained in Charge One are realleged as if more fully set forth herein.

In September 1991 the ex-wife of the client referred to in Charge One filed a complaint with the petitioner alleging that the respondent had been guilty of acts of professional misconduct. In answer to the complaint, the respondent apprised the

Grievance Committee that the last clause of the promissory note offered his firm protection should the client need additional credit. According to the respondent, the clause in question gave the client an additional credit in the amount of $10,000.

The promissory note is for $1,700 and covers legal services rendered up until March 27, 1989, which the client directed the respondent to perform and which he had approved. The note contains no provision for credit for additional services. The provision concerning the $10,000 refers only to a situation in which a default occurs, and provides for liquidated damages, as opposed to additional credit.

Upon a review of the evidence adduced, we conclude that the Special Referee properly sustained both charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances alleged by the respondent, including the respondent's alleged lack of venal intent, the absence of any court order requiring the respondent to return the money that he earned, and the failure of either the complainant or her attorney to object to the title company's release of the judgment amount to the respondent. Notwithstanding the respondent's attempt to explain away his misconduct, he is guilty of serious professional misconduct. Both the verified complaint and the affidavit of default misstated the actual terms of the promissory note. Additionally, the respondent made a false statement to the Grievance Committee in his answer to a complaint. Under the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's findings and to dismiss the charges is denied; and it is further,

Ordered that the respondent, Wayne K. Gabel, is suspended from the practice of law for a period of five years, commencing September 1, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstate-

ment no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and re-signed attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Wayne K. Gabel, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.